NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE RICHARD SENATOR, | No. 22-15681 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00144-JLT-BAK |
| v. | |
| KATHLEEN ALLISON; JOSEPH BICK; T. CISNEROS; KEITH WRIGHT; K. WILLIAMS; J. HEBERLE; S. HTAY; NRURIKA NOU; ELEANOR GRIFFITH; DAVID OBERST, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted December 19, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Bruce Senator appeals the district court's order denying his motion to

proceed *in forma pauperis*. The district court denied Senator's motion because he

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

had three "strikes" under 28 U.S.C. § 1915(g) and failed to show that he was in imminent danger of serious physical injury. We review de novo a district court's interpretation and application of section 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Senator brought this action under 42 U.S.C. § 1983 and filed a motion to proceed *in forma pauperis* while incarcerated at the California Substance Abuse Treatment Facility. The complaint alleges that Defendants, all of whom are employees of the California Substance Abuse Treatment Facility, fabricated classification assessments to place him in a higher risk facility, denied him health care and disability accommodations, moved him to a "COVID-free" pod while he was infected with COVID-19, interfered with his ability to litigate, manufactured disciplinary allegations against him, failed to provide a diet that complied with his sincere religious beliefs, and incited other incarcerated persons to attempt to murder him in June and August 2021.

An incarcerated person may not proceed *in forma pauperis* if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

2

28 U.S.C. § 1915(g); *see King*, 398 F.3d at 1116 (demonstrating that section 1915(g) is commonly referred to as the "three strikes" provision). The district court found, and Senator does not contest, that he accumulated three strikes under section 1915(g).

The sole issue on appeal is whether Senator may nevertheless proceed in forma pauperis because he was under imminent danger of serious physical injury. In evaluating whether the "imminent danger" exception applies, we look to "the circumstances at the time of the filing of the complaint[.]" *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plaintiff must "allege[] an ongoing danger" to meet the imminency requirement, which can also be satisfied when an incarcerated person "alleges that prison officials continue with a practice that has injured him or other similarly situated in the past[.]" *Id.* at 1056–57 (internal citation and quotation marks omitted).

Senator's complaint is dated December 27, 2021, and he filed it on February 3, 2022. The complaint alleges that the last act of threatened violence against him took place in August 2021. On August 27, 2021, Senator moved into a single-person cell in short-term restricted housing, where he remained for self-protection as of March 2022. Construing these allegations liberally in light of Senator's pro se status, *see Cervantes*, 493 F.3d at 1055, we conclude that Senator has not satisfied the imminent danger standard. The district court properly denied his motion to

proceed *in forma pauperis*.

**AFFIRMED.**